12376/DFG:mlt/2/28/19

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VERNITA WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> CITY OF CHICAGO, a municipal ) <br> corporation, CHICAGO POLICE ) <br> DEPARTMENT, a Municipal entity, ) <br> Officer Albert Torres, ) <br> Star No. 13067, and Unknown Chicago ) <br> Police Officers, ) <br> ) <br> Defendants. ) | No. 2019 cv 00182 <br><br> Judge Matthew F. Kennelly |

## FIRST AMENDED COMPLAINT

Plaintiff, Vernita Walker, by and through her attorneys, the Vrdolyak Law Group and Daniel F. Gallagher, brings this action against defendants, CITY OF CHICAGO, a municipal corporation, Officer Albert Torres, Star No. 13067, and Unknown Chicago Police Officers and pursuant to 42 U. S. C. Section 1983 for wrongful service of a search warrant.

## JURISDICTION AND VENUE

1) This court has jurisdiction pursuant to 28 U. S. C. Sections 1331 and 1343.

2) Venue is proper pursuant to 28 U. S. C. Section 1391 (b). The underlying events occurred within the Northern District of Illinois; defendant, City of Chicago, is a municipal corporation located within the district; and all parties reside in the district.

## PARTIES

3) On or about January 9, 2018 and at all times relevant hereto, Vernita Walker, was a 61-year-old woman who had lived for approximately 5 years at 1738 E. 73rd St., Apartment 3, Chicago, IL.

4) Ms. Walker, at all times relevant hereto, was a security supervisor for a large security company located in Chicago Illinois.

5) Ms. Walker has never been arrested or charged with any crime at any time in her life.

6) Defendant, City of Chicago, is a municipal corporation incorporated under the laws of the State of Illinois.

7) At all times relevant hereto, officer Albert Torres Star # 13067 was a Chicago police officer assigned to the 004th District Tactical Team. Officer Torres and presently unknown other Chicago police officers participated in obtaining an invalid search warrant for Ms. Walker's apartment and executing that warrant on or about January 9, 2018.

8) When Officer Torres and other Chicago police officers were present at plaintiff's apartment on January 9, 2018, they were at all times acting under color of law and within the scope of their employment as officers of the Chicago Police Department.

## Count I - UNLAWFUL SEARCH-INVALID WARRANT 42 U.S.C. Section 1983

9) Officer Albert Torres and other unknown officers unreasonably obtained a search warrant for plaintiff's apartment, the wrong apartment, a fact which invalidated the warrant from the start, before its execution.

10) The officers subsequent unauthorized entry and search violated the plaintiff's 4th amendment right to be free from unreasonable searches of her person and home.

11) As the sworn applicant for the warrant, Officer Torres had a duty to discover and disclose to the issuing magistrate whether he had identified the correct apartment or place to be searched rather than the residence of an innocent 3rd party.

12) Officer Torres reasonably knew or should have known that the intended target of his warrant did not reside in Apartment 3 but resided in another apartment in the building.

13) Officer Torres had a duty to reasonably investigate and verify information he received from his John Doe complainant who provided him with information about where the intended target resided.

14) Attached hereto and made a part hereof as Exhibit A is the search warrant issued by a judge upon the application of Officer Torres.

15) The warrant commands the search of Thomas Charles a.k.a. "Chuck" an African-American male. The warrant further commands a search of the premises at 1738 E. 73rd St., Apartment 3, Chicago, Cook County, Illinois and commands the seizure of any controlled substance specifically heroin and any evidence showing residency, any paraphernalia used in the weighing, cutting or packaging of illegal narcotics and any money or records detailing illegal narcotic transactions.

16) Officer Torres had multiple sources of information available to him at the time that he applied for the search warrant had he bothered to use them. He could have contacted the building's landlord. He could have contacted a utility company supplying gas or electric to the apartment.

17) However, on information and belief, Officer Torres and others did not conduct any investigation or verification and certainly failed to conduct a reasonable one.

18) Officer Torres and other officer's actions in these respects were objectively unreasonable and were undertaken intentionally, with malice and recklessness and a conscious disregard for Plaintiff's constitutional rights.

19) As a direct and proximate result of the officer's misconduct, plaintiff suffered and continues to suffer injury and harm.

20) The officers conducting the search knew once they entered Apartment 3 that the intended target of their search Thomas Charles a.k.a. "Chuck" was not present and was not a resident of that apartment. Nevertheless, the officers conducting the search did not withdraw from the apartment but ransacked it after having knocked the entrance door off the hinges. The officers overturned and broke furniture, pulled out drawers and scattered the clothing and other contents of the drawers and closets all over the apartment.

21) The officers did not find any narcotics or controlled substance in the apartment.

22) It is unknown at this time how long the officers spent damaging plaintiff's belongings before they left the apartment leaving a copy of the attached search warrant behind.

**Count II-Intentional and/or negligent infliction of emotional distress- State Law**

23) Plaintiff asserts this claim against the City of Chicago, Chicago Police Department and Officer Torres.

24) The actions, omissions and conduct of Officer Torres and other unknown Chicago police officers were extreme and outrageous and exceeded all bounds of human decency.

25) The Officer's actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to plaintiff with the knowledge of high probability that their conduct would cause such distress or in reckless disregard of the probability that their actions would cause such distress.

26) As a direct and proximate result of the officer's extreme and outrageous conduct undertaken pursuant to the Cities' policies and practices aforementioned, plaintiff suffered and continues to suffer long-term, severe emotional distress and trauma in that she is extremely fearful that her home will once again be invaded either while she is home or absent and that her belongings will once again be destroyed.

### Count III-Trespass State Law

27) plaintiff realleges paragraphs 1 through 28 above and incorporates them in this count.

28) Officers physically invaded the plaintiff's right to enjoyment of exclusive possession of her apartment.

29) After officers were aware that the search warrant listed plaintiff's apartment by mistake, such that any lawful right of entry expired at that time, by remaining and continuing to search officers intended to bring about a physical invasion of the plaintiff's apartment.

30) The officers' actions caused a physical invasion of the plaintiff's apartment.

31) Plaintiff was harmed by the officer's physical invasion of her apartment.

### Count IV-Respondeat Superior State Law

32) Plaintiff realleges paragraphs 1 through 33 above and incorporates the same into this count.

33) In committing the acts and omissions alleged above, the officers were at all times members and agents of the Chicago Police Department and employees of the City of Chicago and were acting within the scope of their employment.

34) Defendant, City of Chicago, is liable as principal for all common-law torts committed by its agents within the scope of their employment.

### Count V-Indemnification-State Law

35) Plaintiff realleges paragraphs 1 through 36 above and incorporates the same into this count.

36) Illinois law, 745 I LCS 10/9 – 102, directs public entities to pay any common-law tort judgment for compensatory damages for which employees are held liable within the scope of their employment activities.

37) Officer Torres and unknown officers were and are employees of the City of Chicago who acted within the scope of their employment when committing the actions and omissions set forth above.

WHEREFORE, Plaintiff prays that the Court enter judgment against each defendant on each Count for compensatory damages, reasonable attorneys' fees, costs and expenses and such other and further relief as this court deems just.

PLAINTIFF'S DEMAND TRIAL BY JURY


s/Daniel F. Gallagher


Plaintiff's Attorney
Daniel F. Gallagher #905305
Vrdolyak Law Group, LLC
741 N. Dearborn Street
Chicago, IL 60654
312-482-8200 x. 450
dgallagher@vrdolyak.com